**Fred E. DEAN, Plaintiff–Appellant,**

v.

**Robert CONLEY, Warden, in his individual and official capacity; Edward Baxter, in his individual and official capacity; Donal Campbell, individually and in his official capacity, Defendants–Appellees.**

No. 00–6086.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

---

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge.*

Fred E. Dean, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dean originally sued defendants Robert Conley, Warden of the West Tennessee High Security Institution ("WTHSI"), and Edward Baxter, a WTHSI employee as well as Donal Campbell, Commissioner, Tennessee Department of Correction in the District Court for the Western District of Tennessee (*Dean II*). Dean's original claims concerned the exercise of his religious beliefs, discrimination against him as

a Muslim and retaliation for exercising his First Amendment rights, and a claim that the defendants violated his rights under the Eighth Amendment to receive adequate medical attention by denying him prescribed medications. Dean was later allowed to amend to add James Dukes and Jimmy Rimmer as parties.

On January 27, 1997, Dean filed a motion for leave to file a supplemental complaint. Dean alleged in paragraph 21 of the supplemental complaint that he questioned Mr. Kenneth Boyd, Inmate Relations Coordinator, about his medication and Mr. Boyd railed against the Muslim inmates. On July 28, 1997, the Western District granted Dean's motion for leave to file a supplemental complaint but a summons was never issued to Kenneth Boyd, a named defendant. On March 31, 1998, that court granted summary judgment for the defendants on all of Dean's claims. On April 15, 1998, Dean filed a motion to reconsider dismissal of his medical claims. In the supporting memorandum, Dean elaborated on his medical claim, but did not identify any individuals allegedly responsible for the denial of his medication.

On June 17, 1998, the Western District ruled that Dean's claim may have been improperly dismissed and ordered Kenneth Boyd to respond to Dean's motion to reconsider only as to the medical claim. Mr. Boyd filed a response to Dean's motion in which it was stated that he had not been served with a copy of the complaint, had not waived service and was filing the response in his official capacity only. The court granted Dean's motion to reconsider, reinstated the medical claim and transferred the action to the Middle District of Tennessee on July 30, 1998. The Western

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

District's order of dismissal of the non-medical claims was appealed to the Sixth Circuit. The dismissal of the retaliation claim against Robert Conley was vacated and remanded to the Western District on November 9, 1999 and is currently pending in that court.

Upon its transfer to the Middle District of Tennessee, this case was consolidated with *Dean v. Odom*, Case No. 3:97–0556 (*Dean I* ). In *Dean I*, Dean sued several TDOC officials and employees alleging that the defendants violated his rights under the Eighth Amendment by denying him medications prescribed for him by a physician. *Dean I* was filed on May 27, 1997. It is noted that, since the consolidation, neither a summons or complaint was served on Kenneth Boyd in connection with Dean's medical claim, nor had any other individuals been identified as being involved in the medical claim in any of Dean's pleadings filed in *Dean v. Conley* (*Dean II* ).

On June 29, 2000, the district court entered a memorandum and order in which the two cases were deconsolidated and *Dean I* was dismissed. The court entered an order stating, in part, that the only remaining claims and parties after the dismissal of *Dean I* were those in *Dean II* regarding the claim of denial of prescribed medications against defendants Conley, Baxter, Campbell, Dukes and Rimmer.

Thereafter, the remaining defendants filed a motion to reconsider the June 29, 2000 order. The district court granted the motion to reconsider. The court also dismissed with prejudice Dean's claims against defendant Boyd pursuant to Fed. R.Civ.P. 4(m). This appeal followed.

Initially, we note that Dean does not make any allegations on appeal concerning defendants Conley, Baxter, Campbell, Dukes and Rimmer, nor does he otherwise challenge the dismissal of the claims against them. Issues raised in the district court, but not on appeal, are considered abandoned and are not reviewable. *See Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Upon review, we conclude that the district court did not err in dismissing the Eighth Amendment claims against defendant Boyd. Dean contended that he suffered an Eighth Amendment deprivation when Boyd caused Dean's request for prescription medication to be delayed for four days. An inmate may prevail on an Eight Amendment claim where he can show that a prison guard or official acted with deliberate indifference to the inmate's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Constitution, however, does not provide an avenue of redress for de minimis events in the life of an inmate. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (due process protections apply only to atypical and significant deprivations). Our examination of the case at bar shows that Dean's claim against Boyd presents just such a de minimis deprivation with little or no adverse medical consequences. This claim was properly dismissed regardless of the district court's reasoning. *See City Management Corp. v. U.S. Chem. Co., Inc.*, 43 F.3d 244, 251 (6th Cir.1994) (court of appeals may affirm on any grounds supported by the record, even if different from the reasons of the district court).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.